# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50023 | **DATE** | 6/7/2004 |
| **CASE TITLE** | | Olson vs. Meyers | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1)  ☐   Filed motion of [ use listing in "Motion" box above.]

(2)  ☐   Brief in support of motion due _____.

(3)  ☐   Answer brief to motion due_____.  Reply to answer brief due_____.

(4)  ☐   Ruling/Hearing on _____ set for _____ at _____.

(5)  ☐   Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6)  ☐   Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐   Trial[set for/re-set for] on _____ at _____.

(8)  ☐   [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)  ☐   This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
         ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■      [Other docket entry]    For the reasons stated on the reverse memorandum opinion and order, the court grants defendants' motion for summary judgment as to all claims in the amended complaint and dismisses this cause in its entirety.

(11) ■      [For further detail see order on the reverse side of the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | number of notices | **Document Number** |
| | No notices required. | | | | |
| X | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | date docketed | 25 |
| | Docketing to mail notices. | | | | |
| X | Mail AO 450 form. | | | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | | | 6-7-04 | |
| | | | | date mailed notice | |
| LC | courtroom deputy's initials | | | SW | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Terry Olson, a sentenced inmate incarcerated at the Winnebago County Jail, filed a three- count, amended complaint against defendants, the sheriff of Winnebago County and T. Schiro, a corrections officer at the jail, alleging an Eighth Amendment denial of medical care in Count I against Schiro, the same claim against the sheriff in Count II, and a claim under the Americans With Disabilities Act (ADA) against the sheriff in Count III. Defendants moved for summary judgment as to all claims, and in his response thereto, plaintiff concedes he has no Eighth Amendment claim against the sheriff. Summary judgment is therefore granted as to Count II of the amended complaint, leaving for disposition the motion as to Counts I and III.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Nevel v. Village of Schaumburg, 297 F. 3d 673, 678 (7th Cir. 2002).

Turning first to Count I, prison officials violate the Eighth Amendment when their conduct demonstrates deliberate indifference to serious medical needs. Gutierrez v. Peters, 111 F. 3d 1364, 1369 (7th Cir. 1997). This standard has both an objective element and a subjective element. Gutierrez, 111 F. 3d at 1369. The objective element requires any deprivation to be objectively, sufficiently serious. Gutierrez, 111 F. 3d at 1369. Sufficiently serious means that a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities. Gutierrez, 111 F. 3d 1369.

As for the subjective component, a prison official cannot be found liable under the Eighth Amendment unless the official knows of and disregards an excessive risk to inmate health and safety. Gutierrez, 111 F. 3d at 1369. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Gutierrez, 111 F. 3d at 1369.

In this case, plaintiff complains that Schiro failed to timely provide him with a diabetic snack on one occasion resulting in his experiencing a hypoglycemic (low blood sugar) episode and that on another occasion Schiro failed to allow him access to his insulin which resulted in his suffering hyperglycemia (high blood sugar). Neither situation satisfies either the objective or subjective elements of the Eighth Amendment standard.

As for the delay in getting plaintiff a snack, the undisputed evidence shows that when asked by plaintiff for his snack, Schiro, who discovered the snack was not available, promptly initiated steps to obtain a snack for plaintiff, which was provided to plaintiff in a relatively brief period of time. Unfortunately, during the delay, plaintiff experienced hypoglycemia. There is no indication, however, that Schiro intentionally delayed in obtaining a snack for plaintiff once he was made aware that no snack was available. Schiro's conduct cannot be construed as deliberate indifference to the medical needs of plaintiff under the objective standard.

The same can be said for the subjective element. There is no evidence to support a conclusion that Schiro was aware of the seriousness of plaintiff's condition at the time he requested a snack or that Schiro deliberately delayed in obtaining the snack. The undisputed evidence shows the opposite, that Schiro acted diligently in providing a replacement snack for plaintiff. Schiro is entitled to summary judgment on this aspect of plaintiff's Eight Amendment claim.

Regarding the insulin deprivation, the undisputed evidence shows that when plaintiff approached Schiro intending to ask for access to his insulin Shciro told him he did not have time for him right then. According to Schiro, he was occupied at the time with incoming inmates. Schiro assumed that if the matter was urgent plaintiff would have recontacted him. Plaintiff does not offer any evidence to contradict Schiro's explanation and, in fact, testified that he did not press the matter with Schiro as he assumed Schiro must be busy and would get back to him. As it turned out, almost two hours later, plaintiff approached another officer who provided the insulin. Unfortunately, in the interim plaintiff's blood sugar escalated to the point he need to be hospitalized.

Again, the undisputed evidence does not give rise to a reasonable inference that Schiro was deliberately indifferent to plaintiff's serious medical need. The evidence does not demonstrate that Schiro even knew of plaintiff's condition at the time plaintiff approached him. Further, plaintiff never advised Schiro of his need for the insulin. The best the evidence shows is that Schiro may have been careless in not following up with plaintiff to see what he wanted. The failure to follow up under the circumstances does not constitute deliberate indifference. Therefore, summary judgment is appropriate as to the claim based on a failure to timely provide plaintiff his insulin.

The court's conclusion as to plaintiff's Eighth Amendment claim against Schiro is bolstered by the nature of plaintiff's illness. According to the medical testimony, plaintiff was required to be an active participant in his treatment. His failure to explicitly advise Schiro of the need for his insulin and the seriousness of the situation contributed significantly to the deterioration of his condition. Schiro cannot be considered deliberately indifferent where plaintiff failed to advise him of his need for insulin.

Summary judgment is also proper regarding plaintiff's ADA claim. Plaintiff has offered no evidence that he received any differential treatment or that he was denied any reasonable accommodation because of his diabetes. In fact, the evidence shows accommodations were made for his illness. Moreover, the ADA is not violated by a prison's simply failing to attend to the medical needs of a disabled person. Bryant v. Madigan, 84 F. 3d 246, 249 (7th Cir. 1996). The ADA does not create a remedy for medical malpractice. Bryant, 84 F. 3d at 249. Accordingly, the court grants summary judgment as to Count III as well.

For the foregoing reasons, the court grants summary judgment as to all three counts of the amended complaint.